| | DATE FILED: August 24, 2022 3:54 PM<br>FILING ID: 1CDC386180EE7<br>CASE NUMBER: 2022CV31612 |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br><br>Court Address:<br>7325 South Potomac St.<br>Centennial, CO 80112 | |
| **Plaintiffs:**<br><br>DANIELLE JURINSKY, individually, and on behalf of all others similarly situated,<br><br>    v.<br><br>**Defendants:**<br><br>ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD & ADULT PROTECTION SERVICES, ROBIN NICETA, in her official capacity as an employee of Arapahoe County Department of Human Services, MICHELLE DOSSEY, in her official capacity as Division Manager of the Arapahoe County Department of Human Services, Division of Child & Adult Protection Services, and ARAPAHOE COUNTY BOARD OF COUNTY COMMISSIONERS | ▲ **COURT USE ONLY** ▲ |
| **Attorney for Plaintiffs:**<br>Elliot A. Singer (#47490)<br>CONDUIT LAW, LLC<br>1660 Lafayette Street, Suite 4<br>Denver, CO 80218<br>Phone: (720) 432-7032<br>Facsimile: (720) 310-2224<br>Email: elliot@conduit.law | Case No.:<br><br>Div.: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

Plaintiff Danielle Jurinsky ("Plaintiff"), by and through her undersigned counsel, CONDUIT LAW, LLC, and on behalf of all others similarly situated, hereby submits the following Civil Complaint and Jury Demand and asserts as follows:

Page 1 of 12

Ex. A-1

## INTRODUCTION

1. Through the activities and conduct of Defendants, dozens, if not hundreds (or more), of Arapahoe County families have been torn apart, sometimes permanently, on the basis of constitutionally improper investigations, false sworn testimony by Arapahoe County employees, fabricated evidence introduced by Arapahoe County employees in both investigatory and judicial proceedings, and a downright inexplicable, unfounded, and unjust desire to separate or attempt to separate children from their parents or other caretakers.

2. Defendants have not only violated the United States Constitution and federal law in doing so but have also, through their actions in baselessly separating or attempting to separate children from their parents or caretakers, caused unspeakable trauma to so many individuals in Arapahoe County, including both children and their parents or other caretakers alike.

3. On top of the trauma of having their life's treasures – their children – taken or nearly taken from them, some parents or other caretakers have been silenced, through improper protection orders, or even jailed for speaking out against or otherwise fighting Defendants' conduct.

4. Defendants' activities and conduct in the course of these investigations and, on occasion, separating families flagrantly violates state and federal law, including the United States Constitution and its guarantees of equal protection and due process under the law.

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant to this action, Plaintiff resided in Colorado.

2. Upon information and belief, at all times relevant to this action, Defendant Arapahoe County Department of Human Services, Division of Child & Adult Protection Services, ("Defendant ACDHS") is a county governmental agency whose "mission is to build strong communities by promoting the safety, independence **and stability** of individuals **and families**" (emphases added) and which is located at 14980 E. Alameda Dr., Aurora, CO 80012.

3. Upon information and belief, at all times relevant to this action, Defendant Michelle Dossey (hereinafter, "Defendant Dossey"), was and is the Division Manager of the Arapahoe County Department of Human Services, Division of Child & Adult Protection Services, which is located in Arapahoe County at 14980 E. Alameda Dr., Aurora, CO 80012.

4. Upon information and belief, at all times relevant to this action, Defendant Robin Niceta (hereinafter, "Defendant Niceta") was an employee of Defendant ACDHS, which is located at 14980 E. Alameda Dr., Aurora, CO 80012.

5. Upon information and belief, Defendant Arapahoe County Board of County Commissioners ("Defendant BOCC") is a governing body of five individuals who "serve as the

legislative, governing and administrative body for Arapahoe County." Defendant BOCC "oversees county departments, hires the management team, [and] administers county services," amongst other responsibilities, and is located at 5334 S. Prince St., Littleton, CO 80120.

6. Defendant Niceta, Defendant Dossey, Defendant ACDHS, and Defendant BOCC are hereinafter and collectively referred to as "Defendants" as they are equally and jointly liable for the injuries affecting the proposed class of which Plaintiff is a proposed representative.

7. Venue for this action is proper in Arapahoe County, Colorado pursuant to C.R.C.P. 98(c) as the conduct out of which this Complaint arose in Arapahoe County, Plaintiff resides in Arapahoe County, and Defendants ACDHS, Dossey, and BOCC reside in Arapahoe County and Defendant Niceta resided in Arapahoe County at the time of the underlying conduct and has only recently relocated out-of-state.

## ALLEGATIONS REGARDING DEFENDANT ACDHS

8. As stated on its website, Defendant ACDHS is tasked with receiving reports of child abuse and neglect.

9. Defendant ACDHS states that it "works with families to identify and resolve concerns for children's safety and well-being."

10. Defendant ACDHS further states that its "goal is to strengthen families and ensure the safety, well-being and permanency of every child."

11. However, through its actions, Defendant ACDHS have, on occasion, not strengthened families and have instead destroyed Arapahoe County families by baselessly and unconstitutionally separating or attempting to separate children from their parents or caretakers.

12. In baselessly and unconstitutionally separating or attempting to separate children from their parents or caretakers, Defendants have negatively impacted the well-being of both children and their parents or caretakers.

13. In baselessly and unconstitutionally separating or attempting to separate children from their parents or caretakers, Defendants have de-stabilized the lives of both these children and their parents or caretakers and have not promoted the permanency of Arapahoe County families.

14. According to internal correspondence issued by Cheryl Ternes, Director of Defendant ACDHS, Defendant ACDHS "received more than 24,000 calls [in 2021] to our child and adult protection hotline."

15. According to this same correspondence, Defendant ACDHS, through its caseworkers, "routinely serve those most vulnerable within our community **with the highest levels of professionalism and compassion**." (Emphasis added.)

16. However, Defendant ACDHS, through its employees, independent contractors, or other agents, have

- repeatedly failed to conduct adequate, thorough, and constitutional investigations of child abuse and neglect complaints, which deprive parents and caretakers of their rights of due process and equal protection under the law;
- intentionally and knowingly failed to consider the testimony of individuals who would be intimately familiar with a subject child's wellbeing including relatives, teachers, friends, or other close associates;
- introduced false testimony at judicial proceedings regarding the separation or attempts to separate children from their parents or caregivers;
- intentionally or recklessly ignored express, written allegations regarding the falsity of a child abuse and neglect complaint;
- intentionally and knowingly failed to report allegations regarding the falsity of a child abuse and neglect complaint to law enforcement authorities;
- knowingly and intentionally altered statements and translations of statements of critical witnesses such as parents, caretakers, and their relatives, friends, colleagues, or other associates during the course of investigatory or judicial proceedings;
- knowingly and intentionally retained purported, out-of-state experts for the sole purpose of separating or attempting to separate children from their parents and caretakers;
- knowingly and intentionally ignored the findings and conclusions of other experts, including medical experts, who expressly and in writing disagreed with Defendant ACDHS' recommendations and conclusions;
- knowingly and intentionally modified internal open investigations in the TRAILS system in order to separate or attempt to separate children from their parents or caretakers;
- made sexual advances towards parents or caretakers involved in active, open investigations, including by offering parents and caretakers alcoholic beverages in the course of an ongoing investigation, inviting them to the employee's personal home, and giving them the employee's personal telephone number; and
- silenced, attempted to silence, and/or internally conspired to silence, through improper restraining orders, or otherwise refused to hear, in the course of investigatory proceedings, individuals who protest or otherwise fight against the separation or attempted separation of children from their parents or caregivers.

17. In making false complaints, testifying falsely in judicial proceedings, introducing false and/or misleading evidence in investigatory and judicial proceedings, and engaging in other conduct, Defendants have not served the community with professionalism.

18. In separating or attempting to separate children from their parents or caretakers on the basis of false complaints, testimony, or evidence, Defendants have not served the community with compassion.

19. Finally, according to the same correspondence quoted above, Defendant ACDHS "also takes allegations of false reporting seriously – especially when they involve employees."

20. Yet, when presented with express and written allegations of false reporting, Defendants have failed to immediately (or ever) refer these allegations to the appropriate law enforcement authorities or conduct any internal investigation regarding the veracity of such allegations and the related abuse or neglect complaint.

## **ALLEGATIONS REGARDING DEFENDANT NICETA**

21. During the course and scope of her former employment with Defendant ACDHS, Defendant Niceta baselessly, falsely, and unconstitutionally separated or attempted to separate children from their parents or caretakers.

22. Defendant Niceta's relevant actions include, but are not limited to:

- knowingly, and while still an employee of Defendant ACDHS, making false abuse or neglect complaints to Defendant ACDHS about parents or caretakers in order to separate or attempt to separate children from their parents and caretakers;
- intentionally attempting to improperly influence the outcome of ACDHS investigations by asking that certain complaints in which she had a personal interest be assigned to her;
- intentionally attempting to improperly influence the outcome of ACDHS investigations by accessing open investigations not assigned to her;
- intentionally and improperly influencing the outcome of judicial proceedings regarding the separation or attempt to separate children from their caretakers by conspiring with or inducing other ACDHS employees to offer false testimony;
- knowingly and intentionally introducing false testimony into judicial proceedings regarding the separation or attempt to separate children from their parents or caretakers;
- seeking to engage in sexual relations with parents and caretakers she was actively investigating, including by offering alcoholic beverages at her personal home and giving away her personal cell phone number, and then

- actively seeking to separate children from these parents and caretakers when they refused Defendant Niceta's sexual advances;
- knowingly and intentionally introducing false evidence, including fabricated investigative reports, conclusions, and altered statements of parents, caretakers, and other witnesses into investigatory and judicial proceedings regarding the separation or attempt to separate children from their caretakers;

### **ALLEGATIONS REGARDING DEFENDANT DOSSEY**

23. During the course and scope of her employment with Defendant ACDHS, which includes the supervision of Defendant ACDHS's employees, Defendant Dossey is equally liable for baseless and unconstitutional separations or attempts to separate children from their parents or caretakers.

24. Defendant Dossey's relevant actions include, but are not limited to:

- failing to consider all evidence related to a complaint of child abuse neglect and intentionally leaving such evidence out of the ultimate determination made about a complaint of child abuse or neglect;
- unlawfully seeking restraining orders against parents or other caretakers, such as only when a caretaker has sent too many emails, all in an attempt to silence parents or caretakers affected by Defendants' separation or attempts to separate children from their parents or caretakers;
- preventing parents or other caretakers from protesting or otherwise fighting against the removal or attempted removal of their children such as by intentionally scheduling meetings without these parents' or caretakers' presence;
- forming conclusions about the veracity of a complaint solely on the basis of a parent or caretaker's protected class, including sexual orientation;
- retaining purported out-of-state experts with the knowledge and intent that such witnesses will only support Defendants' decision to separate children from their parents or caretakers;
- intentionally ignoring other experts, including medical experts, who expressly disagreed with a decision to separate a child from his or her parents or caretakers; and
- conspiring with other individuals, including during internal meetings, in order to silence or otherwise prevent them from fighting against the removal or attempted removal of a parent or caretaker's child or children.

### **APPLICABILITY OF DEFENDANTS' ACTIONS TO SPECIFIC INVESTIGATIONS**

25. The specific conduct outlined above regarding Defendant ACDHS, Defendant Niceta, and Defendant Dossey, occurred over the course of many years in investigations regarding Plaintiff and other members of the putative class.

**ALLEGATIONS REGARDING DEFENDANT BOCC**

26. Defendant BOCC's Organizational Chart notes that Defendant BOCC directly supervises, directs, and oversees all Arapahoe County Departments, including Defendant ACDHS:



27. Pursuant to C.R.S. § 30-11-107, Defendant BOCC has the explicit and "exclusive power to adopt the annual budget for the operation of the county government, including all offices, departments, boards, commissions, other spending agencies of the county government, and other agencies which are funded in whole or in part by county appropriations."

28. Defendant ACDHS and, by extension, Defendants Dossey and Niceta, are subject to Defendant BOCC's authority and control.

29.　The actions and conduct described above all occurred within the course and scope of Defendant ACDHS's, Defendant Niceta's, and Defendant Dossey's agency relationship with Defendant BOCC.

30.　Defendant BOCC is legally and jointly liable for the conduct of all other Defendants.

## C.R.C.P. 23 CLASS ALLEGATIONS

31.　Plaintiff alleges all claims as a C.R.C.P. 23 class action on her own behalf and on behalf of all similarly situated individuals for which she seeks certification.

32.　Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the "C.R.C.P. 23 Class" as follows:

> ALL CHILDREN, PARENTS, AND CARETAKERS WHO HAVE HAD THEIR CONSTITUTIONAL RIGHTS VIOLATED IN THE COURSE OF AN ARAPAHOE COUNTY DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD AND ADULT PROTECTION SERVICES, INVESTIGATION

33.　The class is so numerous that joinder of all potential class members is impracticable. Plaintiff does not know the exact size of the class since that information is within the control of Defendants. However, Plaintiff estimates that, based upon with conferral with local, independent media outlets who are investigating Defendants' actions and other individuals who have come forward, the class is composed of well over 40 persons.  The exact size of the class will become more ascertainable as more individuals in the proposed class come forward.

34.　There are questions of law or fact common to the classes that predominate over any individual issues that might exist. Common questions of law and fact include Defendants' failure to abide by constitutional requirements in their investigations and Defendants' unlawful and/or unconstitutional separation of or attempts to separate children from their parents or caretakers.

35.　The class claims asserted by Plaintiff are typical of the claims of all the potential class members because she experienced nearly identical conduct when compared to other members of the class, including being investigated based on false allegations, having no action taken by Defendants after she complained that the underlying allegations were false, and being subject to Defendants' unconstitutional attempts to separate her from her child. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy. This is especially true in the case of the numerous individuals with whom the undersigned has conferred who either cannot afford individual legal representation or do not have the expertise to realistically navigate the legal system *pro se*.

36. Plaintiff will fairly and adequately protect and represent the interests of the class. Her experiences with Defendants are strikingly similar those of other members of the proposed class.

37. Plaintiff is represented by counsel experienced in plaintiffs' litigation. Plaintiff's counsel has extensive Colorado state court experience, litigating well over 100 cases in judicial districts across the state, and formerly practiced as a Civil Rights and Employment Assistant Attorney General with the Colorado Department of Law.

38. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendants.

39. The interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and that the pertinent federal and state laws are appropriate vehicles to vindicate the rights of individuals who are similarly situated as part of the larger class.

40. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

41. Plaintiff is aware of only one additional member of the putative class who has pursued pending litigation in a separate action concerning the instant controversy, as alleged in *Leghouini* et al. *v. Arapahoe County Department of Human Services* et al.*,* 1:22-cv-02066-STV (D. Colo Aug. 14, 2022). Although Plaintiff has filed a separate action regarding her own experience with being investigated by Defendant ACDHS, that action is strictly limited to Defendant Niceta's false reporting of Plaintiff's alleged conduct to Defendant ACDHS, alleges claims in tort for defamation and intentional infliction of emotional distress, and does not involve the same scope of conduct at issue in this action.

42. It is desirable to concentrate this litigation in this forum because all parties are domiciled in this jurisdiction.

43. This class action will not be difficult to manage due to the uniformity of claims among the class members and the use of representative testimony and representative documentary evidence.

### FIRST CLAIM FOR RELIEF
**Deprivation of Procedural Due Process – All Defendants**

44. Plaintiff incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this pleading.

45. The Fourteenth Amendment to the United States Constitution prohibits state actors such as Defendants from depriving an individual of liberty without due process of law.

46. Included within this protection are the rights to a full, fair, and adequate investigation when state actors deprive or attempt to deprive an individual of fundamental liberty interests, including their right to raise, be part of, and maintain a family.

47. Members of the class, including Plaintiff, have fundamental liberty interests in raising, being a part of, and maintaining a family.

48. Defendants have violated the class and Plaintiff's federal due process rights when they

- repeatedly failed to conduct adequate, thorough, and constitutional investigations of child abuse and neglect complaints, which deprive parents and caretakers of their rights of due process and equal protection under the law;
- intentionally and knowingly failed to consider the testimony of individuals who would be intimately familiar with a subject child's wellbeing including relatives, teachers, friends, or other close associates;
- introduced false testimony at judicial proceedings regarding the separation or attempts to separate children from their parents or caregivers;
- intentionally or recklessly ignored express, written allegations regarding the falsity of a child abuse and neglect complaint;
- intentionally and knowingly failed to report allegations regarding the falsity of a child abuse and neglect complaint to law enforcement authorities;
- knowingly and intentionally altered statements and translations of statements of critical witnesses such as parents, caretakers, and their relatives, friends, colleagues, or other associates during the course of investigatory or judicial proceedings;
- knowingly and intentionally retained purported, out-of-state experts for the sole purpose of separating or attempting to separate children from their parents and caretakers;
- knowingly and intentionally ignored the findings and conclusions of other experts, including medical experts, who expressly and in writing disagreed with Defendant ACDHS' recommendations and conclusions;
- knowingly and intentionally modified internal open investigations in the TRAILS system in order to separate or attempt to separate children from their parents or caretakers;
- made sexual advances towards parents or caretakers involved in active, open investigations, including by offering parents and caretakers alcoholic beverages in the course of an ongoing investigation, inviting them to the employee's personal home, and giving them the employee's personal telephone number; and

- silenced, attempted to silence, and/or internally conspired to silence, through improper gag and restraining orders, or otherwise refused to hear, in the course of investigatory proceedings, individuals who protest or otherwise fight against the separation or attempted separation of children from their parents or caregivers.

49. Plaintiff and all other similarly situated individuals have been damaged by Defendants' procedural due process violations.

## SECOND CLAIM FOR RELIEF
### Deprivation of Substantive Due Process – All Defendants

50. Plaintiff incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this pleading.

51. The Fourteenth Amendment to the United States Constitution protects protect fundamental liberty interests against certain governmental intrusions irrespective of the fairness of the procedures utilized.  This substantive guarantee is intended to prevent state actors from employing their power in an abusive or oppressive manner.

52. Defendants conduct violates substantive due process by severely interfering with children's, parents', and caretakers' rights to raise, be a part of, and maintain a family.

53. But for Defendants' conduct, children, parents, and caretakers would be able to raise, be a part of, and maintain their families.

54. Plaintiff and all other similarly situated individuals have been unable to raise, be a part of, and maintain their families as a result of Defendants' substantive due process violations.

55. Plaintiff and all other similarly situated have been damaged by Defendants' substantive due process violations.

## THIRD CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 – All Defendants

56. Plaintiff incorporates herein by reference all of the allegations contained in the preceding and foregoing paragraphs of this pleading.

57. At all times relevant to this action, Defendants were acting under color of state law.

58. Defendants unlawfully deprived Plaintiff and all other similarly situated individuals of their civil rights when they unconstitutionally deprived Plaintiff and all other

similarly situated individuals of their rights to substantive and procedural due process, equal protection, and to raise, be a part of, and maintain a family.

59. At all times relevant hereto, Defendants acted pursuant to a policy or custom of depriving Plaintiff and all other similarly situated individuals of their civil rights.

60. Defendants failed to adopt clear policies to ensure that individuals such as Plaintiffs did not have their civil rights violated.

61. Defendants' actions and conduct, as outlined above, were a direct and proximate cause of the constitutional and civil rights deprivations suffered by Plaintiff and all other similarly situated individuals.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Danielle Jurinsky, individually and on behalf of all other similarly situated individuals, prays:

(1) for an Order certifying the C.R.C.P. 23 class, naming Danielle Jurinsky as class representative of the class, and naming the undersigned as class counsel;
(2) for judgment in favor of Plaintiff and other similarly situated individuals and against Defendants Robin Niceta, Michelle Dossey, Arapahoe County Department of Human Services, Division of Child & Adult Protection Services, and Arapahoe County Board of County Commissioners, in an amount to be determined by the trier of fact for their losses as set forth above and for costs, expert witness fees, attorney's fees, filing fees, and pre- and post-judgment interest; and
(3) such other further relief as the Court may deem appropriate, just, and proper.

Respectfully submitted on this 24th day of August, 2022.

    */s/ Elliot A. Singer*
    Elliot A. Singer (#47490)
    CONDUIT LAW, LLC
    1660 Lafayette St.
    Suite 4
    Denver, CO 80218
    Phone: (720) 432-7032
    Facsimile: (720) 310-2224
    Email: elliot@conduit.law
    *Counsel for Plaintiff and Class Counsel*